1
2
3
4
5
6

**\*\*E-filed 10/6/10\*\***

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                    SAN FRANCISCO DIVISION

10

11

PETER CLARK,                                    No. C 10-4481 RS

                    Plaintiff,

        v.                                      **ORDER DENYING TEMPORARY**
                                                **RESTRAINING ORDER**

DEUTSCHE BANK NATIONAL TRUST
COMPANY, et al.,

                    Defendants.
_____/

        Plaintiff Peter Clark seeks a temporary restraining order enjoining efforts to proceed with an

unlawful detainer action pending in Contra Costa Superior Court.  An application for preliminary

relief requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

favor, and that an injunction is in the public interest." *Winter v. N.R.D.C., Inc*., 129 S.Ct. 365, 374

(2008).  The Ninth Circuit has clarified, however, that courts in this circuit should still evaluate the

likelihood of success on a "sliding scale."  *Alliance for Wild Rockies v. Cottrell*, __F.3d __, 2010

WL 3665149, \*8 (9th Cir. 2010) ("[T]he 'serious questions' version of the sliding scale test for

preliminary injunctions remains viable after the Supreme Court's decision in *Winter*.")  As quoted in

*Cottrell*, that test provides that, "[a] preliminary injunction is appropriate when a plaintiff

(left margin, vertical text)
**United States District Court**
For the Northern District of California

18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

1  demonstrates . . . that serious questions going to the merits were raised and the balance of hardships

2  tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other

3  *Winter* factors, including the likelihood of irreparable harm." *Id.*

4        In view of these standards, Clark's motion is denied for all of the following reasons:

5        1. Clark characterizes the relief he seeks as a "halt" to "enforcement" of an order granting a

6  motion for summary judgment entered in Contra Costa Superior Court Case No. CCS10-0170 on

7  September 24, 2010.[1]  Clark asserts that the order was mailed to an incorrect address and not

8  received by him until October 2, 2010.  Although Clark apparently advised the Clerk's Office when

9  this action was filed that some event was scheduled to take place on October 11, 2010, the moving

10  papers fail to specify what, if any, "enforcement" of the summary judgment order is imminent.

11        2. More fundamentally, it is not clear that the relief Clark seeks would be available from this

12  Court in any event.  The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising

13  subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Reusser*

14  *v. Wachovia Bank*, 525 F.3d 855, 859 (9th Cir. 2008) (citation and quotations omitted); see also

15  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.,* 263

16  U.S. 413, 415-16 (1923).  The Ninth Circuit has recognized that the "clearest case for dismissal

17  based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an

18  allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on

19  that decision." *Reusser*, 525 F.3d at 859.  While the basis of Clark's request for injunctive relief is

20  not entirely clear, it appears that the *Rooker-Feldman* doctrine likely presents a substantial hurdle

21  for him, thereby undermining any probability of success on the merits in this action, even if he could

22  establish that the state court decision was erroneous.

23        3. Additionally, the motion appears to be premised, at least in part, on an argument that the

24  Bankruptcy Court has not confirmed that the real property in dispute has been abandoned by the

25  trustee of Clark's bankruptcy estate.  There is no dispute, however, that the automatic stay was lifted

26  with respect to this property.  The issue of abandonment appears to relate not to the underlying

27

28    [1]  Although Clark's moving papers assert that a copy of the order is attached, the Court has been
unable to locate it among the materials submitted.

unlawful detainer action initiated by Deutsche Bank, but to a separate action pending in Contra Costa Superior Court in which Clark is pursuing affirmative claims for damages against the bank. Clark has failed to show that even assuming his affirmative claims against the bank remain the property of the estate and subject to the control of the bankruptcy trustee, the Bank would thereby be precluded from foreclosing on its security interest in the real property.[2]

4.  Even assuming, however, that Deutsche Bank's prosecution of the unlawful detainer somehow violated bankruptcy law, Clark has failed to show that his remedy lies in this Court rather than through an appropriate application for relief in the bankruptcy proceeding.

5.  Finally, to the extent Clark's motion is based on assertions that Deutsche Bank lacked a legal right to foreclose, he has not met his burden to show through admissible evidence and cogent legal argument that he is likely to prevail on the merits of those claims.

Because the moving papers provide no information as to when any further efforts by Deutsche Bank to take possession of the property may occur, there is no basis for the Court to set the matter for a preliminary injunction hearing on an expedited basis.  This order, however, does not preclude Clark from noticing a motion for preliminary injunction pursuant to Civil Local Rule 7, in the event he still contends such relief is warranted.  Should Clark elect to continue pursuing this action, he may wish to consult the Court's "Handbook for Litigants Without a Lawyer," available from the Clerk's Office or on the Court's website at https://ecf.cand.uscourts.gov/cand/ProSe/home.htm

IT IS SO ORDERED.

Dated: 10/6/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2]  Clark argues that, for other reasons, the bank is not the holder of an interest in the property with standing to foreclose, but those arguments go only to the correctness of the state court's decision, not to the intersection of jurisdiction between the state court and the bankruptcy court.

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Peter C. Clark
1674 A Pleasant Hill Rd.
Pleasant Hill, CA 94523

DATED: 10/6/10

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

**United States District Court**
For the Northern District of California

4